281 So.2d 514 (1973)
STATE of Florida, Petitioner,
v.
George CURTIS, Respondent.
No. 73-250.
District Court of Appeal of Florida, Third District.
August 21, 1973.
Rehearing Denied September 13, 1973.
Richard E. Gerstein, State's Atty., and Harold Ungerleider, Asst. State's Atty., for petitioner.
Phillip A. Hubbart, Public Defender, and Roy E. Black, Asst. Public Defender, for respondent.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
By certiorari, the state seeks review of a pre-trial[1] order of the trial judge permitting the defendant at trial to introduce expert testimony concerning the results of a polygraph examination made of the defendant. This order was entered after an extensive evidentiary hearing as to the reliability of the polygraph.
The admissibility of polygraph evidence has been the subject of appellate scrutiny by our Supreme Court which has found such evidence to be inadmissible as recently as 1970. Kaminski v. State, Fla. 1952, 63 So.2d 339; Anderson v. State, Fla. 1970, 241 So.2d 390. It is clear trial courts should follow the most recent pronouncements of the Supreme Court. See: Hoffman v. Jones, Fla. 1973, 280 So.2d 431 (1973). Moreover, we believe that the validity *515 of the polygraph test and the reliability of testimony dealing therewith is still dependent upon too large a number of variable factors impossible of resolution. See: United States v. Urquidez, D.C.Cal. 1973, 356 F. Supp. 1363.
Accordingly, certiorari is granted and the order of the trial court allowing the admission of such testimony in defendant's trial is quashed and remanded for proceedings in accord herewith.
NOTES
[1] This order took place before the new trial of defendant. The state also attacks the jurisdiction of the court to have entered the order granting the new trial. However, the record reveals that the state made no attempt to appeal from the order granting the new trial as provided for by Fla. Stat. § 924.07, F.S.A., and the state cannot now argue the point.