321 So.2d 559 (1975)
Daniel CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1439.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
*560 Richard L. Jorandby, Public Defender, and Elliot R. Brooks and Channing E. Brackey, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Daniel Crawford, appeals a judgment of conviction and the imposition of sentence for the offense of assault with the intent to commit robbery. We reverse.
Appellant-defendant, Daniel Crawford, was charged by amended information with the robbery of one Hubert Dempsey Hardy. Trial was by jury. The jury found the defendant guilty of assault with the intent to commit robbery. The trial court adjudged the defendant guilty and sentenced him to fifteen years in prison. Defendant's motion for a new trial was denied by order of the trial court. It is from the judgment and sentence that the defendant appeals.
At trial the victim of the alleged robbery, Hardy, testified on direct examination to the following events: late in the evening of July 6, 1974 Hardy picked up a black female in the northwest section of Fort Lauderdale hoping to engage her in sexual intercourse; Hardy and the female returned to her apartment; after Hardy tendered $10 for the female's services, a black male wielding a weapon, whom Hardy identified as the defendant, came out of the apartment bathroom and forced Hardy to turn over money remaining in his wallet; the female went out to Hardy's automobile to search for more money but upon returning to the apartment indicated that she had found none; when Hardy was released by the defendant, he returned to his automobile and found missing over $300 which he had taken from his wallet and hidden in the automobile before entering the female's apartment. At the conclusion of the state's interrogation, Hardy was subjected to rigid cross-examination by the defendant in an effort to destroy his credibility as a witness. Adduced was testimony inconsistent with that given by Hardy on direct examination and inconsistent with statements given by Hardy prior to trial. Hardy also admitted he was a convicted felon.
The state subsequently called to the stand Robert L. Whipple, an officer for the Fort Lauderdale Police Department, who was involved in the investigation of Hardy's complaint against the defendant. Upon re-direct examination, the following took place:
"Q. You spoke with Mr. Hardy that evening?
"A. Yes, sir, I did.

*561 "Q. Was he cooperative with you?
"A. Not really. He was, and he wasn't.
"Q. In what way wasn't he?
"A. Well, at first, he didn't seem to want to say exactly the reason why he was over in the northwest area at this particular time of night. I questioned him as to exactly why because I advised him he would have to take an examination 
"MR. KRATHEN: Objection. At this time, I would move to have the jury excused before this officer goes any further in his answer.
"THE COURT: Overruled and denied.
"Q. Would you continue your answer, please.
"A. I advised him that under the circumstances, as he was claiming such a large loss, that he would have to take an examination, polygraph examination, to check the validity of this complaint."
The state thereupon rested its case. The defendant moved for a mistrial. The trial court denied the motion.
The defendant took the stand in his own behalf and testified to certain facts which, if believed, contradicted Hardy's testimony and completely vindicated the defendant of the crime charged.
On appeal, the defendant contends the trial court erred in admitting into evidence the above reference to the polygraph examination.
It has been consistently held that neither the result of a polygraph examination nor any allusion to such examination to infer a certain result is admissible at trial. Sullivan v. State, 303 So.2d 632 (Fla. 1974); Anderson v. State, 241 So.2d 390 (Fla. 1970); Kaminski v. State, 63 So.2d 339 (Fla. 1953); Dean v. State, 325 So.2d 14 opinion filed August 28, 1975, 1st Dist.Ct. of Appeal Case; State v. Curtis, 281 So.2d 514 (Fla.App. 1973); State v. Brown, 177 So.2d 532 (Fla.App. 1965); Johnson v. State, 166 So.2d 798 (Fla.App. 1964).
Turning to the instant case, Hardy was the only eyewitness to the crime allegedly committed by the defendant called by the state to testify at trial. The state's entire case against the defendant obviously depended upon Hardy's credibility. Defendant, in cross-examining Hardy, severely impaired Hardy's credibility by eliciting testimony inconsistent with prior statements made by Hardy and an admission that Hardy had previously been convicted of a felony. In an attempt to rehabilitate Hardy's credibility, the state elicited, over strenuous objection by the defendant, testimony from Officer Whipple that the police wanted Hardy to take a polygraph examination to ascertain the validity of his complaint against the defendant. The unmistakable inference of Officer Whipple's testimony was that Hardy had taken the polygraph examination, and the results of the examination indicated that Hardy's complaint against the defendant was true. This inference had the effect of rehabilitating Hardy's credibility to the prejudice of the defendant.
Under the facts and circumstances of this case, the admission of Officer Whipple's testimony concerning the polygraph examination was harmful to the defendant, and therefore reversible error. Accordingly, the judgment and sentence is reversed and the cause remanded for new trial.
Reversed and remanded for new trial.
DOWNEY, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
With all due respect to the majority, it is my opinion under the facts and circumstances *562 of this case that the admission of testimony concerning the polygraph examination was, at the most, harmless error.
In order to characterize the witness's reference to a polygraph examination as prejudicial and hence reversible error, it is necessary to indulge in both conjecture and the pyramiding of inferences. See Sullivan v. State, Fla. 1974, 303 So.2d 632; Johnson v. State, Fla.App. 1964, 166 So.2d 798.
The subject testimony merely made reference to a polygraph examination and did not indicate whether the witness had taken such an examination or the results of such examination. To conclude that the mere reference to a polygraph examination is reversible error presupposes that there exists a reasonable inference that the witness took and passed a polygraph test. The witness's statement suggests no inference whatsoever; and by no stretch of the imagination could such statement serve to have rehabilitated the credibility of the witness to the prejudice of the defendant. We ought not to strain such statements through a filter of probables and improbables in order to ascertain the existence of prejudice.
As the Supreme Court pertinently observed in Sullivan v. State, supra, "... the testimony in question does not naturally lead to one interpretation rather than another ... It all becomes too tenuous to support harmful error ...". Similarly, as the Second District concluded in Johnson v. State, supra, at p. 805:
"... [T]he mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial if no reference as to the result is raised or if any inferences that might be raised as to the result are not prejudicial... ." (Emphasis supplied.)
Therefore, it is my opinion that the judgment and sentence should be affirmed.