334 So.2d 112 (1976)
Rudolph HUTCHINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-43.
District Court of Appeal of Florida, Third District.
April 20, 1976.
Rehearing Denied July 6, 1976.
*113 Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Alvin E. Entin and Jerry J. Mosca, Sp. Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant was indicted for first degree murder, tried by jury, found guilty of second degree murder and sentenced to life in prison. In seeking to reverse his conviction, defendant first urges as error the trial court's denial of his motions for mistrial predicated upon the testimony elicited from Sgt. Harper and Daniel Morris concerning a polygraph examination given to the State's witness Morris. During the State's direct examination of Harper, he made the following statements with regards to the polygraph examination:
"Q Do you know who George Slatery is?
"A Yes, I do.
"Q Who is George Slatery?
"A He is a certified Polygraph Examiner.
"Q All right."
At that point defense counsel objected and moved for a mistrial. The motion for mistrial was denied, but the trial judge gave the jury a curative instruction.
Later in the trial, while being cross-examined by defense counsel, Daniel Morris in response to his question stated:
"THE WITNESS: Actually, he asked me would I take a polygraph test."
Again, defense counsel objected and moved for a mistrial. The motion was denied and the jury instructed to disregard the remark.
Although neither the results of a lie detector examination nor testimony which indirectly or inferentially apprises a jury of the results of a lie detector test is admissible into evidence, the mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial if no inference as to the result is raised or if any inferences that might be raised as to *114 the result are not prejudicial. Johnson v. State, Fla.App. 1964, 166 So.2d 798.
In this case the testimony about a polygraph examination apprised the jury only that Morris may have taken such a test, but raised no inference as to the results. Appellant's contention that the testimony indicated to the jury that Morris submitted to and passed a polygraph test is pure speculation on his part and reversible error cannot be predicated on mere conjecture. See Sullivan v. State, Fla. 1974, 303 So.2d 632. Thus, we find this point lacks merit.
We also note that the recently released case of Crawford v. State, Fla.App. 1975, 321 So.2d 559 is not controlling because in the instant case in contrast to Crawford (1) upon objections of defense counsel, curative instructions were given to the jury; (2) one of the two references to a polygraph examination was elicited by defense counsel during cross-examination; (3) there is no unmistakable inference that Morris had taken a polygraph examination and the results of the examination indicated that Morris' testimony against the defendant was true.
Appellant secondly contends the trial court erred in denying his motions for mistrial predicated upon the State's introduction of testimony concerning other similar crimes which defendant allegedly perpetrated. We cannot agree.
The established rule in Florida is that evidence revealing other crimes is admissible if it casts light upon the character of the act under investigation by demonstrating motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the case being tried. Williams v. State, Fla. 1959, 110 So.2d 654; Dean v. State, Fla. 1973, 277 So.2d 13.
It is clear that the evidence of other crimes which were all committed in the same general area in a period of 12 days were relevant inasmuch as this evidence demonstrated a common scheme on the part of the appellant to holdup convenience stores in a similar manner as the store in this case. In addition, like the appellant in the case at bar, the victims of these holdups described the perpetrator as having a white or pink acne medication on his face. Cf. Hawkins v. State, Fla. 1968, 206 So.2d 5.
Affirmed.