332 So.2d 676 (1976)
Charles BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1392.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Rehearing Denied June 22, 1976.
Richard L. Jorandby, Public Defender, and James R. Merola, Sp. Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony Musto and C. Marie Bernard, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
The only substantial question on this appeal from a judgment of guilt and sentence for possession and sale of a controlled substance concerns the use, on cross-examination of the defendant who had denied any involvement with the crime, of the following statement in a letter gratuitously written by Blake to a State's Attorney:
"Please, sir, I hope and pray you will find it in your heart to talk to Judge R. McIntosh to give me one more chance and put me on probation?"
We conclude, as did the trial judge, that the statement was properly permitted to be used as a party admission and in impeachment of the defendant's testimony on direct examination. Ivey v. State, 132 Fla. 36, 180 So. 368, 369 (1938). The letter was not privileged as a "plea discussion" under Rule 3.171, F.R.Cr.P., which provides in part that:
"(a) The Prosecuting Attorney is encouraged to discuss and agree on pleas which may be entered by a defendant. Such discussion and agreement must be *677 conducted with the defendant's counsel or, if the defendant is unrepresented, may be conducted with defendant.
* * * * * *
"(d) Discussion and Agreement Not Admissible. If the defendant pleads not guilty, no mention of any prior proceedings hereunder [emphasis supplied] shall be admissible against him."
It is apparent that the entirely unsolicited and self-initiated communication from the defendant was not part of a proceeding "under" or contemplated by the rule.
AFFIRMED.
WALDEN, C.J., CROSS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.