SCHWARTZ, ALAN R., Associate Judge.
The defendant was charged in a two count information with felony possession of marijuana and tampering with a witness (the one against him in the marijuana case.) Two jury trials were conducted. At the first, the jury found the defendant guilty of the marijuana count, but hung on the other charge. At the second, the jury found the defendant guilty of the lesser included offense of attempted tampering. On this appeal from a judgment encompassing both convictions and sentences, the defendant primarily complains that, at both trials, evidence was introduced concerning what he characterizes as plea bargaining discussions, admitted, it is contended, in violation of Fla.R.Crim.P. 3.172(h).
The record demonstrates that after the defendant was taken into custody, he initiated a conversation with the arresting officer, Detective Wilson of the Palm Beach County Sheriff’s office, under which the defendant offered to plead guilty to an unrelated misdemeanor marijuana possession charge, if the officer would drop the felony charges. Stell made the offer, he told the detective, only because he wished to avoid the expense of hiring a lawyer to defend him; he adamantly denied the felony charges and told the detective that the State could not prove them anyway. The *826 officer declined the “offer”, and made no counter-offers of his own. In each trial the detective described this conversation and a tape of it was played to the jury. In the first trial, the only objection raised was to the alleged inaudibility of the tape, which is not pressed on appeal; at the second trial, the defendant made no objection at all to the evidence now complained of. We cannot agree with the defendant’s present contention, thus raised for the first time on appeal, that this testimony constituted evidence, precluded by Rule 3.172(h), of plea negotiations between Stell and Wilson. •
While the courts’ views as to just what constitutes “plea bargaining” or “plea negotiations” have properly broadened to include the entire range of practical situations in which that process occurs in the real world, e. g., Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); United States v. Herman, 544 F.2d 791 (5th Cir. 1977); United States v. Geders, 566 F.2d 1227 (5th Cir. 1978), it is, at a minimum, required that, as the terms “bargaining” and “negotiating” themselves imply, both the defendant and the State be actually involved. It cannot include a situation such as this one, in which the defendant, for his own reasons, makes a unilateral offer to enter a particular plea which is neither initiated, approved nor responded to — in any way but rejection — by a representative of the state. Our decision in Blake v. State, 332 So.2d 676 (Fla. 4th DCA 1976) and that of the Third District in Wright v. State, 309 So.2d 215 (Fla. 3rd DCA 1975), cert. den., 323 So.2d 273 (Fla.1975), support this conclusion. Both cases held that, as stated in Blake at 332 So.2d 677, an “entirely unsolicited and self-initiated communication from the defendant,” was not subject, as a part of the plea bargaining process, to the exclusionary provisions of former Fla.R.Crim.P. 3.171(d), the predecessor of Fla.R.Crim.P. 3.172(h). The Fifth Circuit’s formulation of the rule likewise encompasses this requirement of mutuality. In United States v. Geders, supra, at 566 F.2d 1231, the Court said:
“. . . when the government and the defendant discuss his criminal activities, each side entertaining the desire to receive a quid pro quo, the government does so at its own risk that statements made by the defendant will not be admissible against him at trial.”
In this case there is no evidence that the state, through Detective Wilson, discussed Stell’s activities while entertaining, much less expressing, a “desire to receive a quid pro quo” from the defendant. Only Stell wanted something in return for an offer which the officer steadfastly declined to accept. In this area, as in so many others, it takes two to tango, and Wilson wasn’t dancing.
Moreover, it follows a fortiori from what we have said that the admission of the tape and of Wilson’s description of the conversation could not, even if incorrect, have amounted to the fundamental error required in this case for reversal because of the absence of an objection at the first trial on the ground now raised, Koran v. State, 213 So.2d 735 (Fla. 3rd DCA 1968), and of any objection at all at the second trial. Particularly since the evidence contained no admission whatever as to the offenses actually being tried,[1] it is obvious that the defendant’s rights were not so plainly and adversely affected as to require reversal despite his failure properly to preserve the issue below. Wright v. State, supra.
Our review of the second issue raised by the appellant discloses no reversible error. The judgment below is therefore
Affirmed.
LETTS and BERANEK, JJ., concur.

. Indeed, at the first trial, the jury was informed that Stell had been acquitted on the misdemeanor marijuana charge, thus lending even more credence to his statement that he had offered to plead guilty to it only for reasons of convenience.