PER CURIAM.
The defendant Henry Frazier appeals a final judgment of conviction and sentence for second degree grand theft and contends that the trial court committed reversible error in denying his motion for mistrial after the following transpired in the presence of the jury on cross examination of a state witness:
“[DEFENSE COUNSEL]: Did you ever ask Mr. Frazier if he took the carpeting?
[THE WITNESS]: No, we just polygraphed everyone. We decided, well, we would polygraph everyone and Henry flunked the polygraph.”
*193 We agree that a mistrial should have been granted based on this testimony.
Plainly, the results of a polygraph examination are inadmissible in evidence in this state as being unreliable and highly prejudicial. Kaminski v. State, 63 So.2d 339 (Fla.1952); State v. Curtis, 281 So.2d 514 (Fla. 3d DCA 1973), cert. denied, 290 So.2d 493 (Fla.1974). To place before the jury, as here, that the defendant in a criminal case failed a polygraph examination taken in connection with the case constitutes, in our view, classic grounds for a mistrial because the prejudicial impact of this damning evidence could not be cured by a cautionary instruction. See e.g., Perry v. State, 146 Fla. 187, 200 So. 525, 527 (1941). Nor are we persuaded, as urged by the state, that defense counsel invited the inadmissible testimony herein. Counsel’s question in no way related to a polygraph examination or the results thereof; the witness’ answer was non-responsive and entirely volunteered.
We find no merit in the remaining contention raised by the defendant upon this appeal.
The judgment of conviction and sentence under review is reversed and the cause is remanded for a new trial.