520 So.2d 81 (1988)
Alejandro Nelson SIMEON, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2866.
District Court of Appeal of Florida, Third District.
February 16, 1988.
*82 Robert H. Martin, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Simeon was indicted for first degree murder in the shooting death of Juaros Pierre and convicted of second degree murder after a jury trial. His defense was that the crime had actually been committed by Felix Hernandez, who was with him in an automobile when the offense took place. Hernandez, in turn, claimed that Simeon was guilty, and the issue for the jury was which of the two was the perpetrator. Before the trial, Hernandez, who had also been indicted for first degree murder, entered into a plea agreement under which the charge was reduced to accessory after the fact and he was given five years probation. In addition, he was apparently required to pass a lie detector test and to testify against Simeon. Hernandez was the main and first prosecution witness. His direct testimony was devastatingly adverse to the appellant. Cross examination had barely commenced[1] when, upon being asked a preliminary question concerning his guilty plea, the following occurred:
[Defense Counsel]: Do you remember what were the terms of that guilty plea
[Hernandez]: I went through a lie detector test.
We hold that the trial judge reversibly erred in denying the defendant's prompt motion for mistrial based upon this statement.
It is of course firmly established that any reference to the results of a polygraph examination, unfavorable to the defendant or favorable to a prosecution witness against him, is completely, usually fatally, and irreparably erroneous. Kaminski v. State, 63 So.2d 339 (Fla. 1952); Frazier v. State, 425 So.2d 192 (Fla. 3d DCA 1983); State v. Curtis, 281 So.2d 514 (Fla. 3d DCA 1973), cert. denied, 290 So.2d 493 (Fla. 1974); see United States v. Hilton, 772 F.2d 783 (11th Cir.1985); United States v. Brown, 720 F.2d 1059 (9th Cir.1983); United States v. Clark, 598 F.2d 994 (5th Cir.1975), cert. denied, 449 U.S. 1128, 101 S.Ct. 949, 67 L.Ed.2d 116 (1981). The application of this rule requires reversal for a new trial. We reject the state's multiple arguments to the contrary:
1. We find no merit at all in the state's claim that Hernandez's statement did not indicate that he had passed the lie detector *83 test and was therefore not prejudicial. See Hutchins v. State, 334 So.2d 112 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 291 (Fla. 1976). This claim is entirely contrary to the reality of the situation. As is obvious to us, and must have been obvious to the jury, the witness would not have blurted out the lie detector remark in the course of an obviously hostile interrogation by an attorney attempting to establish that he was not telling the truth, and indeed would not have been testifying at all pursuant to a plea negotiation which included the polygraph, if he had not in fact passed it. No other inference could be drawn from the remark. The effect of that inference, as the cases say, is a plainly harmful one.
2. Nor can it be said, as the state argues citing Stanley v. State, 357 So.2d 1031 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 891 (Fla. 1978), that Hernandez's response was invited by defense counsel's question which preceded it. See also Hutchins, 334 So.2d at 113. A review of the record shows that the contrary is true. On the face of the matter, counsel's question concerning whether Hernandez remembered his plea bargain called only for a yes or no answer. The lie detector reference was plainly non-responsive, and, even more certainly, entirely unwelcome. Frazier, 425 So.2d at 193. The question merely sought to lay a foundation for further inquiry as to the portions of Hernandez's plea bargain which might adversely have affected his credibility and were therefore favorable to the defendant: the reduction of the charge and the imposition of an extremely lenient sentence.[2] See Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978); Messer v. State, 330 So.2d 137 (Fla. 1976); Stell v. State, 366 So.2d 825 (Fla. 4th DCA 1979); see also Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1979), cert. denied, 374 So.2d 101 (Fla. 1979). In this context the egregious lie detector statement can only be regarded as a volunteered, uninvited response which the appellant is not precluded from challenging.
3. The appellee also suggests that Hernandez's unresponsive answer during cross-examination made no real difference to the outcome of the case. It argues in this regard that the polygraph issue could properly have later been brought before the jury on redirect examination as an appropriate explanation of the entire plea arrangement, after the portions upon which the defendant relied had been explored on cross.[3] This assertion is incorrect as a matter of law. Because lie detector references are so prejudicial that they outweigh whatever logical pertinence they might otherwise have, a long series of federal cases have established that polygraph examination provisions must be redacted from documents and testimony reflecting the plea bargain of a prosecution witness. Hilton, 772 F.2d at 786; Brown, 720 F.2d at 1069; see United States v. Porter, 821 F.2d 968, 974 (4th Cir.1987), petition denied, ___ U.S. ___, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988). We agree with and follow these decisions. See generally Perper v. Edell, 44 So.2d 78 (Fla. 1949) (evidence inadmissible when prejudicial effect overcomes probative value); § 90.403, Fla. Stat. (1987) (same).
4. Finally, we cannot agree that the reference was harmless. The effect of the statement was impermissibly to bolster the testimony of the defendant's primary accuser and the only alternative actual offender. And while there were other witnesses against the defendant, each was subject to meaningful cross-examination and could well have been disregarded by the jury. Compare Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); see also Hutchins, 334 So.2d at 113. In these circumstances, we must conclude that the error adversely affected the defendant's right to a fair trial.
*84 For these reasons,[4] the judgment below is reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] The entire cross examination, to and including the offending remark as to the polygraph, was as follows:

BY MR. MARTIN [defense attorney]:
Q. Now, Mr. Hernandez, wasn't it a grand jury who returned the indictment against you for murder in the first-degree; correct?
A. A grand jury  I don't know.
Q. You don't know about your case?
MR. SAKIN [prosecutor]: Objection, Judge.
THE WITNESS: Yes.
THE COURT: Sustained.
BY MR. MARTIN:
Q. Do you recall that you were in front of Judge Shapiro on that charge?
A. Yes.
Q. And your attorney was Sy Gaer?
A. Yes.
Q. Do you recall that there were negotiations with the State?
A. No.
Q. Do you recall entering into a plea of guilty in front of the judge?
A. Yes.
Q. Do you remember what were the terms of that guilty plea?
A. I went through a lie detector test.
MR. MARTIN: I would move for a mistrial at this time.
[2] In fact, this was the thrust of the cross-examination which took place at the trial after the motion for a mistrial was denied.
[3] See supra note 2.
[4] The appellant's remaining two points have been examined and found to present no error.