PER CURIAM.
Lizert Jean appeals his convictions for sexual battery, armed robbery, burglary, and aggravated battery. We affirm.
Defendant-appellant Jean contends that the trial court impermissibly limited his cross examination of prosecution witness Edison Hernandez. Hernandez was a co-defendant in this case. He entered into a plea agreement with the State whereby he testified against defendant in exchange for a reduced sentence in this case and an unrelated home invasion robbery, circuit court case number 98-2046.
The trial court allowed defendant to cross examine Hernandez regarding the terms of the plea agreement and the reduced sentence he had obtained. The court precluded defendant from asking Hernandez about the factual details of the other home invasion robbery (case number *551 98-2046) because that case was wholly unrelated to the pending case against this defendant. The ruling was within the court’s discretion. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); see also § 90.403, Fla. Stat. (1997).
Defendant also contends that the trial court should have granted a mistrial after the State, on redirect examination of Hernandez, brought out the fact that under the plea agreement, Hernandez could be required to take a polygraph examination. We are inclined to agree with the trial court that the defense opened the door to this inquiry by its cross examination. However, during the sidebar discussion of the defense objection, the State withdrew the question and the defense stated that it did not want a curative instruction.
It is very clear from the state’s question that under the plea agreement, Hernandez could be required to take a polygraph examination in the future but had not yet done so. This is not a case in which the question directly or indirectly told the jury of the results of a lie detector test. A reference to a polygraph “is not necessarily prejudicial if no inference as to the result is raised or if any inferences that might be raised as to the result are not prejudicial.” Hutchins v. State, 334 So.2d 112, 113-14 (Fla. 3d DCA 1976) (citation omitted); Sullivan v. State, 303 So.2d 632, 635 (Fla.1974).
In the case relied on by the defendant, Simeon v. State, 520 So.2d 81 (Fla. 3d DCA 1988), the State witness had taken a polygraph test and told the jury so. The inference was inescapable that the State witness had passed the polygraph test and since the jury would have realized this, a new trial was ordered. Id. at 82-83. Those are not the circumstances present here.
Affirmed.