813 So.2d 996 (2002)
Hector Jesus OLIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2781.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
Wayne D. Corry, Fort Lauderdale, for appellant.
*997 Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
Three little words, "lie detector test," and their affect on the outcome of a criminal trial create the critical issue for review. And, while we stress that these "three little words" will not always require this result, the totality of the circumstances in this case cause them to warrant a reversal of the defendant's conviction for first and second degree murder, two counts of attempted first degree murder, and attempted robbery with a firearm. The testimony revealed the following.
In July, 1994, Joel Herrera and his daughters, Kathlyne and Krystyne, returned to their residence. As Joel attempted to unlock the door, he was attacked. A gun battle ensued, during which Joel fired at multiple attackers, who also fired guns. Kathlyne was killed, as was one of the attackers. Joel and Krystyne were wounded.
Two years passed. In 1996, while on probation, the dead perpetrator's son, Enrique Machado, Jr., came forward and informed police about inculpatory statements made by the defendant, including admissions of the defendant's presence at the scene and his knowledge of the planned robbery. Two more years elapsed before the State indicted the defendant in 1998. No physical evidence connected the defendant to the crimes, and no witness placed him at the scene. While there was circumstantial evidence introduced at trial, only the testimony of Enrique Machado, Jr., linked the defendant with the crimes.
On cross examination, defense counsel vigorously attacked Enrique's credibility. He elicited that Enrique was a marijuana user and had provided it to his deceased father. He was on probation at the time he made the statements to law enforcement. He had made prior inconsistent statements to law enforcement, in which he denied any knowledge of the events or who had participated in them. Two years had elapsed before he came forward, and he did so under threats of deportation by law enforcement and the threat of eviction by a family member if he did not implicate the defendant. Finally, law enforcement promised to help him with his immigration problems. During redirect, the following occurred.
Q. Now the people that were putting this pressure on you. Well at least the agency was Miami Police Department, am I right?
A. Yes.
Q. You ultimately gave a sworn taped statement to the Broward Sheriff's Office, right.
A. Yes.
Q. Now at any time did the Broward Sheriffs Office, any officers, put any pressure on you to give them that information.
A. No. They justthey showed up there and took the statement and they did what I thinka lie detector test to me. That's what they did.
Defense counsel objected and moved for mistrial. The prosecutor argued that he had not elicited that information, and that there was no indication of the test results. The trial court sustained the objection and gave a curative instruction, but denied the motion for mistrial. Defense counsel argued that a curative instruction would not be sufficient, but the court gave the following instruction:
Ladies and gentlemen, polygraph tests are not admissible in evidence in the State of Florida. You are instructed to disregard any reference to a polygraph *998 test, and you're not to speculate on what the results might have been.
The jury convicted the defendant on all charges and he was sentenced to life in prison.
At issue is when and to what extent can these "three little words" cause the reversal of a criminal conviction. The Third District Court of Appeal has reviewed this issue in two decisions: McFadden v. State, 540 So.2d 844 (Fla. 3d DCA 1989), and Simeon v. State, 520 So.2d 81 (Fla. 3d DCA 1988). Judge Downey (of our court), sitting as an associate judge at the Third District, succinctly set out the relevant law in McFadden:
The law in Florida is clear that the mere mention of polygraph results in a criminal case is grounds for a mistrial. Walsh v. State, 418 So.2d 1000 (Fla. 1982); Kaminski v. State, 63 So.2d 339 (Fla.1952). This includes not only the suggestions regarding a defendant and a polygraph exam but also testimony regarding witnesses and their polygraph results which may weigh heavily in the case on the question of defendant's guilt or innocence. Simeon v. State, 520 So.2d 81 (Fla. 3d DCA 1988). However, not every reference to a polygraph exam is inadmissible, nor does every improper admission of the taking of polygraph exam require a mistrial.
540 So.2d. at 845. In fact, in McFadden, the court found the reference to a lie detector test did not warrant a reversal.
In Simeon, the third district held that the following testimony warranted a reversal:
[Defense Counsel]: Do you remember what were the terms of that guilty plea?
[Hernandez]: I went through a lie detector test.
520 So.2d at 82.
Just as in the present case, there was no testimony as to the results of the test. Nevertheless, the third district stated:
As is obvious to us, and must have been obvious to the jury, the witness would not have blurted out the lie detector remark in the course of an obviously hostile interrogation by an attorney attempting to establish that he was not telling the truth, and indeed would not have been testifying at all pursuant to a plea negotiation which included the polygraph, if he had not in fact passed it. No other inference could be drawn from the remark. The effect of that inference, as the cases say, is a plainly harmful one.
Simeon, 520 So.2d at 83.
The Court further referred to a line of federal cases articulating the extreme prejudice that results from reference to lie detector tests and held that the error could not be harmless. "The effect of the statement was impermissibly to bolster the testimony of the defendant's primary accuser...." Id. The facts of this case are strikingly similar to those found in Simeon.
In this case, there was only one witness who testified to inculpatory statements made by the defendant. Defense counsel artfully established facts that would appear to have discredited him. Thus, unless the jury believed that he had passed the lie detector test, it is hard to fathom that his testimony would have led to the defendant's conviction as there were no other witnesses or physical evidence linking the defendant to the crime. The state's entire case was based on circumstantial evidence and the testimony of Enrique Machado.
Under these circumstances, a reversal is warranted. In so doing, we again stress, that the mention of the "three little words" does not, ipso facto, require this result. Indeed, the trial court attempted to correct *999 the error by giving a curative instruction in this case. Curative instructions, in some instances, may erase any concern, but not in this case.
The conviction is reversed and the case is remanded for a new trial.
TAYLOR and HAZOURI, JJ., concur.