KELLY, Judge.
Gregory Everett appeals from his judgment and life sentence for lewd and lascivious acts. He argues that the trial court committed reversible error by allowing the prosecution to cross-examine him about taking a polygraph examination. Although the mention of a polygraph examination may in some cases induce a mistrial or require a new trial, see Olivera v. State, 813 So.2d 996, 997-99 (Fla. 4th DCA 2002), reversal is not required in this case be-
*342 cause Everett opened the door to questioning about the polygraph examination during his case-in-chief. See La Rocca v. State, 401 So.2d 866, 868 (Fla. 3d DCA 1981) (holding that the mention of a polygraph examination does not compel reversal where the evidence was introduced by the defendant). In addition, the results of the examination were never mentioned. Cf. McFadden v. State, 540 So.2d 844 (Fla. 3d DCA 1989) (stating that the mention of the results of a polygraph examination requires a mistrial). Finally, the trial court cured any possible error by giving a curative instruction to the jury explaining that the results of a polygraph examination are inadmissible.
We find no merit to Everett’s additional points on appeal. Accordingly, we affirm Everett’s judgment and sentence.
Affirmed.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, concur.