**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rex J. PRICE, Defendant-Appellant.**

**No. 83–1180.**

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1983.

William F. Billings, Randall Mark Willis, Dallas, Tex., for defendant-appellant.

Jack Curtis Williamson, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RUBIN, GARWOOD and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A former employee of the Army Air Force Exchange Service was charged with conspiracy to obtain gratuities in violation of law and to defraud the United States, with making false statements before a federal grand jury, and with income tax evasion. A key issue in his trial on all three counts was the credibility of persons who had sold toys to the Exchange Service and had allegedly given gratuities to the accused. The government elicited testimony from an Internal Revenue Service Agent who, in testifying on the income tax charge, stated that he had based his computations on the statements of two of the government witnesses and that he believed them. Because his testimony was improperly admitted and cannot be considered harmless, we reverse the conviction and remand for a new trial.

Rex J. Price was employed by the Exchange Service from 1966 to 1981. At the time of the events that gave rise to the charges against him he was assigned to Exchange Service Headquarters and was responsible for buying toys. The indictment charged that he conspired to defraud the United States and to violate 18 U.S.C. § 201, which forbids a government employee to accept a gratuity, that he made a false statement before a grand jury in violation of 18 U.S.C. § 1623, and that he evaded income taxes in violation of 26 U.S.C. § 7201. The conspiracy case was based principally on the testimony of three individuals who owned a company that sold toys to the Exchange Service. Each of the three testified that he had paid cash to Price to remain in his favor. The income tax count was based on Price's failure to report the money thus received. An Internal Revenue Agent, James Whitfield, testified about Price's tax liability. He based this on an exhibit showing Price's income, which included the alleged payments made by two of the toy sellers. He also testified that he relied on their statements because he "believed them." The trial court refused to instruct the jury to disregard this testimony but instead told the jury only that "they are the sole judges of the credibility of the witnesses, including this witness and all other witnesses." He denied a motion for a mistrial.

■ "No principle in the law of evidence is better settled," the court said in *United States v. Holmes,* 26 F.Cas. 349, 352 (C.C.D. Me.1858) (No. 13,382), "than . . . the rule . . . that testimony in chief of any kind, tending merely to support the credit of the witness, is not to be heard except in reply to some matter previously given in evidence by the opposite party to impeach it." *See also* Fed.R.Evid. 608(a)(2) (evidence of witness's truthful character admissible only after character for truthfulness has been attacked). The basic justification for this rule of evidence is that "time should [not] be spent in proving that which may be

assumed to exist. Every witness may be assumed to be of normal moral character for veracity, just as he is assumed to be of normal sanity." 4 J. Wigmore, Evidence § 1104, at 233 (Chadbourn rev. 1972). But in some instances, the introduction of such testimony bolstering the credibility of witnesses may cause harm that goes beyond the mere wasting of time. When bolstering testimony suggests to the jury that it may shift to a witness the responsibility for determining the truth of the evidence, its admission may constitute reversible error. *See Homan v. United States,* 279 F.2d 767 (8th Cir.), *cert. denied,* 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). Agent Whitfield's statements were tantamount to "expression[s] of his general belief as to how the case should be decided," which are not only prejudicial but also "wholly without value to the trier of fact in reaching a decision." McCormick, Handbook of the Law of Evidence § 12, at 26–27 (Cleary ed. 1972).

The government does not dispute these precepts. It says in reply only this: "Even assuming Whitfield's testimony exceeded strict propriety, there was no basis for declaring a mistrial. An alleged prejudicial statement may be rendered harmless by curative instructions." This, too, is correct when proper curative instructions are given. Here, however, the district court merely instructed the jury that it was to weigh the credibility of the witnesses, including that of the bolstering witness, and give it the "weight and value" it believed the testimony deserved. If the jury believed Whitfield, this added to the bolstering effect of the testimony.

■ We cannot say that Whitfield's testimony was harmless.[1] The jury was required to choose between the testimony of the toy sellers and that of the accused. It found Price guilty on the conspiracy count, presumably crediting the testimony that he had received gratuities, but acquitted him of the perjury charge and of tax evasion. These results appear to be inconsistent, but they mean at least that the jury was not

1. *Cf. Kauz v. United States,* 188 F.2d 9 (5th Cir.1951) (testimony as to witness's reputation for truth and veracity, which had not been attacked, harmless error).

prepared to find Price completely culpable. In practical terms, the government's case hinged on the testimony of the witnesses whose credibility was bolstered by Whitfield's testimony. *Cf. United States v. Dorr,* 636 F.2d 117, 121 (5th Cir.1981) (ordering new trial because of bolstering of government witness by prosecutor in closing argument).

Price also objects to the admission of the chart prepared by Whitfield summarizing his estimate of Price's unreported income from the gratuities, which was based on the testimony of the toy sellers. The general rule in this circuit is that the admission of such summary charts is discretionary with the trial court. *Lloyd v. United States,* 226 F.2d 9 (5th Cir.1955). It has been recognized, however, that this discretion may be abused. In *Steele v. United States,* 222 F.2d 628 (5th Cir.1955), the defendant's tax evasion conviction was reversed because prejudicial summary charts were sent to the jury while it was considering its verdict. The defendant's argument, which this court accepted, was that the charts did not merely summarize the witnesses' testimony but "undertook to evaluate it, endeavoring to pass upon the reliability and credibility of certain witnesses and to determine what weight should be given their testimony, so that … the Government, through its witness Howard, was enabled to invade, indeed to take over the province of the jury." *Id.* at 630. *See also Baines v. United States,* 426 F.2d 833 (5th Cir.1970).

█ We need not decide whether the admission of the chart alone would have constituted reversible error in this case. The chart did not stand merely as a tacit endorsement of the testimony of the toy sellers. Rather, Agent Whitfield's explicit endorsement was drawn out by the government in an exchange that spans four pages in the trial transcript. Generally, it is best to require the maker of a summary chart to disclose the basis for his computations before admitting the chart into evidence. *Lloyd,* 226 F.2d at 17. Such testimony was adequately brought out by the defense on cross examination, when Whitfield admitted that the entire exhibit was based on his "assumption" that the toy sellers were telling the truth. In going beyond that admission and prodding Whitfield to state, on redirect examination, that he *believed* the toy sellers, the government crossed the line between laying a proper foundation for the chart and eliciting bolstering testimony that usurped the jury's rightful place.

█ The remaining issues merit little discussion. The testimony of the toy seller and of Price's immediate subordinate were sufficient to take the case to the jury. *United States v. Davis,* 666 F.2d 195, 201 (5th Cir.1982). The hearsay testimony of the alleged co-conspirators was properly admitted under *United States v. James,* 590 F.2d 575 (5th Cir.), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The non-hearsay testimony of a co-conspirator is sufficient to establish the defendant's membership in a conspiracy. *United States v. Caro,* 569 F.2d 411, 420 (5th Cir.1978). The affidavit for a search warrant showed probable cause for the search of Price's home, so the motion to suppress was properly denied. Defense Exhibits 22, 23 and 24 were properly rejected for want of a sufficient foundation. There was no abuse of discretion in denying the motion to depose a witness who purportedly resided in a foreign country. No evidence of that witness's inability to attend the trial was adduced.

For these reasons, the judgment of conviction is REVERSED. The case is REMANDED for further proceedings not inconsistent with this opinion.