**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward HILTON and Joan Hilton, Defendants-Appellants.**

**No. 84–5776.**

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1985.

Fay, Circuit Judge, filed a dissenting opinion.

Black & Furci, Marcia J. Silvers, Miami, Fla., for defendants-appellants.

Elizabeth Jenkins, Jon May, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, District Judge.

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

WALTER E. HOFFMAN, District Judge:

A three-count indictment on March 29, 1983, charged defendants Edward and Joan Hilton with conspiring to import cocaine in violation of 21 U.S.C. § 963, importing cocaine in violation of 21 U.S.C. § 952(a), and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

On August 31, 1983, a superceding indictment, adding six defendants to the case, was unsealed. The superceding indictment added a count against the Hiltons, charging conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The six co-defendants either pleaded guilty to the charges, fled the jurisdiction, or were severed. The Hiltons went to trial on July 16, 1984, and were convicted by a jury on all counts. Edward Hilton received a sentence of six years and Joan Hilton a sentence of three years. The district court imposed concurrent sentences and special parole terms. The defendants appeal from these judgments of conviction. We reverse, holding that reference to polygraph examinations bolstered the credibility of government witnesses and deprived the defendants of a fair trial.

## I.

### FACTS

Drug Enforcement Administration agents and Customs Patrol Officers removed 341 pounds of cocaine from the wings of an aircraft flown by the Hiltons from Nassau, Bahamas, to Palm Beach International Airport. The Hiltons' main defense to the charges against them based upon this incident was lack of knowledge of the presence of cocaine. Two co-defendants and one uncharged accomplice clearly refuted this assertion in testimony that established the Hiltons' knowledge of the cocaine in the aircraft. Evidence of the Hiltons' guilt was substantial, if properly admitted.

The government's case relied heavily upon the testimony of three witnesses, each of whom had entered into a plea bargain agreement. The prosecution introduced into evidence the plea bargain documents of the witnesses DeVoe and James and revealed that these witnesses had agreed to submit to polygraph examinations, though they did not actually do so. The third government witness, Hall, testified in response to questions on direct examination that he had agreed to take a polygraph examination. The prosecution used these facts in argument to bolster the witnesses' credibility.

Prior to trial, defendants moved *in limine* to preclude the government from introducing the polygraph provisions of the plea agreements. The district court denied the motion. The trial court also overruled the defendants' objections to DeVoe's and James's testimony regarding their agreements to submit to polygraph examinations. During Hall's testimony as to his agreement to take a lie detector test, the court denied the defendants' motion for a mistrial. We hold that these rulings were erroneous and prejudicial.

## II.

### DISCUSSION

**Polygraph Clauses in Plea Agreements**

That the results of a polygraph test are inadmissible into evidence is well settled in this Circuit. *United States v. Clark*, 598 F.2d 994 (5th Cir.1979), *cert. denied*, 449 U.S. 1128, 101 S.Ct. 949, 67 L.Ed.2d 116 (1981); *Jones v. Weldon*, 690 F.2d 835, 838, n. 5 (11th Cir.1982). Evidence of a witness' willingness to submit to a polygraph examination is also inadmissible. *United States v. Martino*, 648 F.2d 367 (5th Cir.1981), *aff'd in rehearing en banc on other grounds*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983); *United States v. Brown*, 720 F.2d 1059 (9th Cir. 1983); *United States v. Bursten*, 560 F.2d 779 (7th Cir.1977).

In *United States v. Brown*, 720 F.2d 1059 (9th Cir.1983), the court reversed convictions after the trial court had admitted into evidence plea bargain documents which included polygraph examination clauses. In *Brown*, the trial court also incorrectly permitted the prosecutor in final argument to link witness credibility to the bonds of the plea bargain contract. The facts of the case at bar are closely analogous to those in *Brown*. Here, the trial court not only admitted into evidence

plea bargain documents containing references to polygraph examinations but also permitted the prosecutor, in final argument, to contend that DeVoe, James, and Hall were credible because they agreed to take polygraph examinations.[1]

■ In providing for plea agreements under Fed.R.Cr.P. 11(e), effective in 1974, the drafters of the Rule never intended to build a shield for the government to be able to bolster the credibility of accomplices who seek more lenient treatment by reason of agreeing to testify against a co-defendant or a person otherwise implicated in the crime charged. When an accomplice testifies against a defendant in a criminal case, the fact finder is always required to apply the rule that the evidence of an accomplice is received with caution and considered with great care.

■ Fed.R.Cr.P. 11(e) does not mandate a written plea agreement, although such a procedure is preferable. While the parties are free to enter into a particular type of plea agreement, this action does not suggest that the complete details are automatically admissible in evidence. Evidence of plea agreements containing provisions that the government's witnesses have agreed to take polygraph tests to verify trial testimony constitutes improper bolstering of the witnesses' credibility. The harm from such evidence is likely to arise from a jury's lending special credence to these witnesses because of the binding force of the plea agreements. The jury might well infer that the agreement itself assures the honesty of the witnesses. Therefore, the error in allowing improper bolstering of the witnesses' credibility is prejudicial to the defendants.

■ The government characterizes as harmless error both the prosecutor's reference in final argument to the potential polygraph examinations and the improvident admission of plea agreements, insofar as they related to the polygraph tests. The issue is whether these errors affected the substantial rights of the defendants. Since the testimony of DeVoe and Hall furnished the only direct evidence of the Hiltons' knowledge that the aircraft contained cocaine, the bolstering of these witnesses' credibility deprives the defendants of a fair trial and constitutes harmful, prejudicial error.

### Evidence of a Witness's Truthful Character

■ A fundamental evidentiary principle also controls the admission of evidence regarding the witnesses' credibility. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but evidence of a witness' truthful character is admissible only after character for truthfulness has been attacked.[2] Fed.R.Evid. 608(a)(2). This limitation is justified primarily to avoid a needless consumption of time. "Every witness may be assumed to be of normal moral character for veracity, just as he is assumed to be of normal sanity." 4 Wigmore, *Evidence* § 1104, at 233 (Chadbourn rev. 1972). In the present case, however, the introduction of testimony bolstering witnesses' credibility exceeds the mere waste of time. When bolstering testimony suggests to the jury that a witness bears the responsibility for determining the truth of the evidence, admission of the testimony may constitute reversible error. *United States v. Price*, 722 F.2d 88, 90 (5th Cir. 1983). Likewise, when the bolstering testimony goes to the character for truthfulness of the only witnesses to repudiate the defendants' claim, admission of such testimony is also reversible error.

---

1. The dissent suggests that there is no indication of any such extrinsic evidence. The transcript (pp. 671–672) reveals the following in the prosecutor's final argument to the jury:
PROSECUTOR: You will find an interesting part in each of these three plea agreements. You will find it says that the defendant agrees to take a polygraph test requested by the Government.
DEFENSE: Objection.
DEFENSE: Objection, Your Honor.

THE COURT: Objection overruled.
PROSECUTOR: Each of them agreed to take a polygraph. Do you think they would take the stand and lie to you if they knew the Government could turn around and test their veracity that way?

2. Although this issue was not expressly raised on appeal, defense counsel used the rationale of Fed.R.Evid. 608(a)(2) in objecting to the admission of polygraph information in the district court.

In the case at bar, the bolstering testimony of DeVoe, James, and Hall supports the credibility of the only witnesses to testify as to the defendants' knowledge of cocaine aboard the aircraft. The admission of such testimony is prejudicial and deprives the Hiltons of a fair trial.

## III.

### SUGGESTED PROCEDURE

This Circuit has held that the mere admission in evidence of a plea agreement does not constitute bolstering by a prosecutor. *United States v. Williford*, 764 F.2d 1493, 1502 (11th Cir.1985). Absent the admission of such documents, the defendant could argue convincingly to the jury that the government had withheld evidence of promises that it had made to the witness. Since a plea agreement is admissible, the court should review the document upon request, to determine whether its contents include any evidence that tends to bolster the credibility of the witness who enters the plea agreement and is about to testify.

Generally, the document does provide for the witness to testify truthfully as to matters involving the person against whom he or she is about to testify. Such a general statement should not ordinarily go to the jury, at least until the credibility of the witness is attacked under Fed.R.Evid. 608(a)(2). If the witness' credibility is not attacked, the clauses of the plea agreement in which the witness promised to testify truthfully should be redacted before the document is admitted in evidence unless the admission of the plea agreement is not questioned. If the credibility is attacked on cross-examination, then the witness' promise to testify truthfully may be shown on redirect examination by the government. *See Martino*, 648 F.2d at 389. Similarly, a witness' written acknowledgment of his or her understanding of the penalty for testifying falsely is not an improper vouching for the credibility of the witness' testimony. *United States v. Leslie*, 759 F.2d 366, 378 (5th Cir.1985). The test for improper bolstering is whether the prosecutor's words might reasonably have led the jury to believe that the government possessed extrinsic evidence, not presented to the jury, that convinced the prosecutor of the defendant's guilt. In the case at bar, the prosecutor impermissibly referred specifically to potential polygraph examinations, thereby improperly bolstering witnesses' testimony.

The judgments of conviction are **REVERSED**, and REMANDED for a new trial.

FAY, Circuit Judge, dissenting:

Most respectfully, I dissent from the majority's reversal of the Hiltons' convictions. As acknowledged in the majority opinion, there is no question surrounding the sufficiency of the evidence establishing guilt. The jury was faced with the usual questions of credibility as to the witnesses and particularly those who had been involved in the illegal scheme to import large quantities of cocaine.

During the taking of testimony it was developed that certain government witnesses had entered into plea bargain agreements. As stressed by the majority, it was brought out that these witnesses had *offered* to take a lie detector test. As far as this record shows, no polygraph examinations have been completed. No indication was made as to any results—good or bad—as there were none! I fail to see how the offer to take a lie detector test bolsters, unfairly, a witness' testimony.

As pointed out by the concluding paragraph of the majority opinion:

The test for improper bolstering is whether the prosecutor's words might reasonably have led the jury to believe that the government possessed extrinsic evidence, not presented to the jury, that convinced the prosecutor of the defendant's guilt.

Here there is simply no indication of any such extrinsic evidence. I would affirm the convictions.