KLEIN, J.
Appellant was convicted of DUI manslaughter, manslaughter by culpable negligence, and four counts of culpable negligence as a result of an accident. We affirm, but address one issue, whether a mistrial should have been granted when a witness for the state volunteered he had offered to take a lie detector test.
Appellant and the witness were roommates at the time of the accident. Both of them had, on occasion, ingested a controlled substance known as GHB (gamma-hydroxy-butyrate). It is used by bodybuilders and acts as a growth hormone.
Witnesses to the accident testified that just prior to the accident, appellant was swerving between lanes. After the accident he was groggy and unaware of his surroundings. His blood tested positive for a high level of GHB which could have induced deep sleep, impaired cognitive function and impaired judgment.
Appellant’s theory of defense was that his roommate had left a mixture of grape juice and GHB in the refrigerator and that appellant drank it, thinking it was only grape juice. The defense called witnesses who testified the roommate had admitted leaving the mixture in the refrigerator; however, the roommate, who admitted that he has consumed GHB mixed in juice, denied leaving such a mixture around on the night of the accident.
During the roommate’s testimony he volunteered that he had offered to a deputy to “come down at any given time and answer anything they wanted and take a *1209 polygraph if they wanted and any other questions.” The court instructed the jury to disregard the comment, but denied appellant’s motion for mistrial.
Whether a reference to a lie detector test is so prejudicial as to require a new trial depends on whether the jury can infer that the witness had taken or passed the test. See e.g., Olivera v. State, 813 So.2d 996 (Fla. 4th DCA 2002) and cases cited. Where no such inference can be drawn, as in this case, the error has been found to be harmless. Sullivan v. State, 303 So.2d 632 (Fla.1974); Jean v. State, 789 So.2d 550 (Fla. 3d DCA 2001); Hutchins v. State, 334 So.2d 112 (Fla. 3d DCA 1976).
Recognizing that his case falls into the class of cases in which the error has been held harmless, appellant argues that we should follow United States v. Hilton, 772 F.2d 783 (11th Cir.1985). Hilton, however, is distinguishable. In Hilton, the prosecution introduced into evidence, over the defendant’s objection, the written plea bargain agreements of three government witnesses. The agreements stated that the witnesses had agreed to submit to lie detector tests. The prosecution used the plea agreements, including the references to the lie detector tests, to bolster the credibility of the witnesses in closing argument.
Even though there was no evidence in Hilton that the witnesses had taken lie detector tests, the Eleventh Circuit reversed for a new trial. In Hilton, however, the error was far more egregious than in this case, because the offers to take lie detector tests were admitted into evidence. In addition, the prosecution was permitted to take advantage of that erroneous ruling in argument. The jury in Hilton was thus under the impression that this information was relevant to the credibility of the government’s witnesses. In the present case, on the other hand, the trial court recognized the problem and instructed the jury to disregard the unsolicited statement.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
STEVENSON and TAYLOR, JJ., concur.